UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOUGLAS RAYMOND COOKERLY, MICHAEL JAMES O'BRIEN and MICHAEL SHAWN PHELPS, INDIVIDUALLY and d/b/a THE HUT A/K/A THE BRONCO HUT; and EMPIRE ENTERTAINMENT, LLC, an unknown business entity d/b/a THE HUT A/K/A THE BRONCO HUT, <br><br> Defendants. | Case No: C 11-03263 SBA <br><br> **ORDER GRANTING MOTION TO STRIKE** <br><br> Docket 16. |

On July 1, 2011, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed the instant action. Dkt. 1. On October 7, 2011, Defendants Empire Entertainment, LLC, Michael Phelps, and Michael O'Brien (collectively "Defendants") filed an answer. Dkt. 15. On October 28, 2011, Plaintiff filed a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure,[1] seeking to strike Defendants' first and second affirmative defenses. Dkt.

---

[1] Rule 12(f) states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

1  16.  Defendants' opposition was due on November 14, 2011.  Id.  To date, Defendants have
2  not filed an opposition or a statement of non-opposition as required under Civil Local Rule
3  7-3(b).  Nor have Defendants sought an extension of time to file an opposition.
4         A district court may properly grant a motion for failure to file an opposition.  See
5  Gwaduri v. I.N.S., 362 F.3d 1144, 1146-1147, n. 3 (9th Cir. 2004) (noting that courts have
6  the authority to grant unopposed motions); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.
7  1995) (failure to file an opposition in violation of a local rule is a proper ground to grant a
8  motion).  This Court's Standing Orders specifically warn that "failure of the opposing party
9  to file a memorandum of points and authorities in opposition to any motion shall constitute
10 consent to the granting of the motion."  Civil Standing Orders at 5.
11        The Court views Defendants' lack of opposition as tantamount to a concession that
12 the motion to strike should be granted.  Based on Defendants' failure to file an opposition,
13 the Court concludes that Defendants have consented to the granting of the motion to strike.
14        Accordingly, IT IS HEREBY ORDERED THAT:
15        1.     Plaintiff's motion to strike is GRANTED.  Defendants' first and second
16 affirmative defenses are stricken from the answer.  The Court, however, will afford
17 Defendants the opportunity to file an opposition before striking the defenses with prejudice.
18 Defendants have seven (7) days from the date of this Order to file an opposition to the
19 motion to strike.  Failure to timely file an opposition will result in the first and second
20 affirmative defenses being stricken with prejudice.
21        2.     This Order terminates Docket 16 and Docket 26.
22        IT IS SO ORDERED.
23
24 Dated:  3/19/12                               _____
                                                 SAUNDRA BROWN ARMSTRONG
25                                               United States District Judge
26
27
28